

Kaufman Dolowich & Voluck, LLP
Court Plaza North
25 Main Street, Suite 500
Hackensack, New Jersey  07601-7086

Telephone: 201.488.6655
Facsimile: 201.488.6652

www.kdvlaw.com

*Iram P. Valentin, Esq.*
*Partner*

*Certified by the Supreme Court*
*Of New Jersey as a Civil Trial Attorney*

*Direct E-mail:  ivalentin@kdvlaw.com*
*Direct Dial: 201-708-8233*

September 8, 2023

**VIA ECF**
The Honorable Edward S. Kiel, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King, Jr. Federal Building and U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:  **Harborview Capital Partners, LLC v. Cross River Bank**
          **Civil Action No.: 21-cv-15146-KM-ESK**

Dear Judge Kiel:

  We represent Defendant Cross River Bank ("Cross River") in this matter. Pursuant to Your Honor's Case Management Order, we are writing to request leave to file a Motion to Stay Discovery pending disposition of Cross River's pre-answer Motion for Summary Judgment on Plaintiff Harborview's ("Harborview") First Amended Complaint. [ECF No. 78.] Pursuant to its obligations under L.Civ.R. 37.1, on September 7, 2023, Cross River asked Harborview if it would consent to a stay of discovery. Harborview speedily rejected this request.

  As an initial matter, Cross River is not attempting to stay all discovery in this case. As explained *infra*, the parties have engaged in extensive written discovery. Rather, Cross River is attempting to stay the backbreaking depositions pursued by Harborview, which would severely disrupt Cross River's operations. Judge McNulty granted Cross River's initial Motion to Dismiss not once, but twice, when he affirmed his dismissal order on Harborview's Motion for Reconsideration. [ECF Nos. 44, 45; 64, 65.] Pending before him now is a question of law that, once decided, should terminate the case. Therefore, it is Cross River's position that a stay of discovery pending disposition of the summary judgment motion, and before depositions proceed, is warranted.

  To summarize the relevant background, per Your Honor's April 4, 2023 Order, Cross River's summary judgment motion – which is effectively a pre-answer dismissal motion on the law – was made returnable before Judge McNulty on May 15, 2023. [ECF No. 85.] Thereafter, at a June 1, 2023 status conference, Your Honor ordered discovery to proceed, with a fact discovery deadline of September 29, 2023. [ECF No. 89.]

In compliance with Your Honor's directive, Cross River prepared and served responses and objections to Harborview's second set of discovery requests.[1] On August 31, 2023 – two days after service of these responses – Harborview served four Notices of Deposition on Cross River, with the first deposition scheduled to take place twelve days later, on September 13, 2023. By way of the joint letter that was prepared in anticipation of the upcoming status conference before Your Honor on September 12, 2023 [ECF No. 93], Cross River has come to learn that, through Harborview's review of Cross River's responses to its second set of discovery requests, Harborview has purportedly identified an unspecified number of additional fact witnesses that it wishes to depose in this case.

The Court has discretion to stay discovery "whenever 'the interests of justice' mandate 'such action.'" *Akishev v. Kaupstin,* 23 F.Supp.3d 440, 445 (D.N.J. 2014), *quoting U.S. v. Kordel*, 397 U.S. 1, 12 n. 27 (1970). The Court may exercise this discretion pursuant to Fed.R.Civ.P. 26(c) upon a showing of "good cause." *Actelion Pharms. Ltd. v. Apotex Inc.*, 2013 WL 5524078, at *3 (D.N.J. Sept. 6, 2013). Accordingly, the Court evaluates four factors when determining whether to grant a stay of discovery: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set. *Akishev*, 23 F.Supp.3d at 446 (internal citations omitted).

If granted leave to file a Motion for Stay, Cross River will be able to demonstrate that all four factors weigh in its favor. As to the first two factors, Harborview will suffer no prejudice if a stay of discovery is permitted; conversely, in the absence of a stay, Cross River will suffer from a "clear case of hardship or inequity". Indeed, a stay would only be in place pending resolution of Cross River's summary judgment motion, which simply "postpone[s] discovery that may never be needed." *Smithkline Beecham Corp. v. Apotex Corp.*, 2004 WL 1615307, at *8. In the September 7, 2023 joint letter, Harborview opposes a stay of discovery because it was not requested at the June 1, 2023 conference, and that this "11th hour request" is merely an attempt by Cross River to "hide the ball." Not so. Cross River is simply attempting to avoid "potentially needless litigation costs," *Smithkline Beecham Corp.*, 2004 WL 1615307, at *8, as Harborview's complaint will be dismissed, and the case will be over, if its summary judgment motion is granted. If the summary judgment motion is denied, then discovery will pick up exactly where it left off. Cross River is not, and does not desire to, obfuscate anything; it only wants to avoid unnecessary and expensive discovery that may ultimately not have been needed. As "[m]ere delay does not, without more, necessitate a finding of undue prejudice and clear tactical disadvantage," *Akishev*, 23 F.Supp.3d at 447, Harborview will not be able to articulate any actual prejudice that would arise from a limited stay of discovery.

---

[1] Harborview has accused Cross River of being purposefully dilatory in preparing and serving its discovery responses. This is not true. After receipt of Harborview's Second Request for the Production of Documents and Second Set of Interrogatories – with many requests being totally duplicative of requests made in the first round of paper discovery – Cross River took care to review its files to determine if there were any outstanding responsive documents that it should produce. At this point, it seems as if Harborview is demanding documents and information that simply do not exist.

In addition, Cross River has already expended significant time and expense in responding to Harborview's document discovery requests. Through the joint letter, it is now aware that Harborview still finds these responses to be deficient. While Cross River is of the position that it has sufficiently responded to Harborview's discovery requests, if discovery is allowed to proceed, Cross River will need to entertain Harborview's continuous demands for documents and information that it has either already produced or does not even exist; to defend a currently unknown number of depositions; and to engage in expert discovery, all of which will be for nought if its summary judgment motion is granted. Here, the "potential cost of discovery establishes a specific and substantiated risk of harm" to Cross River. *Actelion*, 2013 WL 5524078, at *4.

A stay of discovery will also simplify the issues and the trial of the case. "The filing of a dispositive motion may favor the issuance of a stay where…the Court finds that resolution of the dispositive motion may 'narrow[]' or 'outright eliminat[e]' the need for discovery." *Actelion*, 2013 WL 5524078, at *5. Cross River's motion for summary judgment is a pre-answer response to Harborview's First Amended Complaint, which, as Cross River argues therein, does nothing to rectify the legal deficiencies of Harborview's claims – deficiencies that served as the basis for the dismissal of its initial Complaint – and, even more egregiously, contains baseless allegations that are a clear attempt to circumvent Judge McNulty's April 26, 2022 Opinion and Order granting Cross River's initial Motion to Dismiss. Accordingly, as Cross River prevailed on its Motion to Dismiss, and also in opposing Harborview's Motion for Reconsideration of Judge McNulty's dismissal order, it is just as likely to prevail on its summary judgment motion, thus ending the case and eliminating any need for discovery.

Finally, as to the fourth factor, discovery is not yet complete. While the parties have served written discovery requests, as well as responses and objections thereto, a trial date has not been set. Thus, "the relative infancy, the lack of discovery yet conducted, and the absence of a scheduled trial support the entry of a stay of discovery." *Anfibio v. Optio Solutions LLC*, 2020 WL 8483808, at *2.

In light of the above, Cross River respectfully requests that Your Honor grant it leave to file a Motion to Stay Discovery.

We thank the Court for its kind attention to this matter.

Respectfully submitted,

**Kaufman Dolowich & Voluck, LLP**

By: */s/ Iram P. Valentin*
    IRAM P. VALENTIN

IPV/ars
Cc:   All counsel of record (via ECF)