

CHIESA SHAHINIAN & GIANTOMASI PC

105 Eisenhower Parkway, Roseland, NJ 07068
csglaw.com

A. ROSS PEARLSON
Member

rpearlson@csglaw.com

O  973.530.2100      F  973.325.1501

March 14, 2024

*Via ECF*

Hon. Edward S. Kiel, U.S.M.J.
United States District Court, District of New Jersey
Frank R. Lautenberg U.S. Post Office & Courthouse Bldg.
2 Federal Square, Courtroom 8
Newark, New Jersey 07102

Re: **Harborview Capital Partners LLC v. Cross River Bank**
**Civil Action No. 21-cv-15146-EP-ESK**

Dear Judge Kiel:

This firm, along with Frankel, Rubin, Klein, Payne & Pudlowski P.C., represents Plaintiff Harborview Capital Partners LLC ("Harborview") in the above-referenced action. Following the four depositions taken of representatives of Defendant Cross River Bank ("Cross River"), a dispute has arisen that the Court needs to address. Specifically, although the deposition of Cross River's principal, Gilles Gade, was left open (as the parties had agreed to a hard stop time) Cross River has indicated that it will not produce Mr. Gade again except under new limitations that are contrary to the parties' agreement. We need Your Honor to address this issue as soon as practicable so that discovery can proceed.

On February 29, 2024, the deposition of Gilles Gade began at roughly 11:00 a.m. The parties agreed to a hard stop time of 2:00 p.m. Harborview honored the request for a hard stop but left the deposition open for completion. As this Court is well aware, FRCP 30(d)(1) calls for depositions to last up to seven (7) hours. To that end, there are roughly four hours remaining for Harborview to complete Mr. Gade's deposition, and it intends to use the remaining available time as necessary. These were the terms the parties specifically agreed to, in writing, in the joint submission to the Court on January 31, 2024 (ECF 104) that was so ordered on February 5, 2024 (ECF 105). Per that filing and this Court's order, "Mr. Gade has a hard stop at 2 pm on February 29, 2024. If more time is needed, Cross River has agreed to produce him again at a mutually convenient date during the fact discovery period and subject to the 7-hour deposition time limit set forth at FRCP 30(d)(1)." (ECF 104, fn. 1).

Now, Cross River is attempting to change the terms and impose new conditions on the continuation of Mr. Gade's deposition: (1) stating that Mr. Gade is only available on one date, March 18, 2024, remotely, for two separate two-hour segments; (2) suggesting the need for additional time

NEW JERSEY     NEW YORK

4888-6726-0333

to complete the deposition was the result of Harborview not using "time judiciously" and that his deposition is not proportional to Cross River's view of the case; (3) demanding that the topics to be covered with Mr. Gade be provided in advance; and (4) claiming that Mr. Gade's deposition is no longer needed as all topics were covered in the three hours provided. See Exs. A and B. These are obviously not the original terms of the agreement that was presented to this Court on January 31, 2024.

Harborview has made every effort to accommodate Mr. Gade and to resolve this situation amicably without Court involvement. My co-counsel, Mayer Klein, held a meet-and-confer by telephone with counsel from Cross River on March 8, 2024. At that meeting and immediately after in an e-mail memorializing the meet-and-confer, the parties agreed that the parties "will finish the deposition of Gade, no more than four more hours. [Cross River's] intent is to provide [Harborview] with dates by Monday, March 11" to which counsel from Cross River replied, "we agree." Ex. B. On Monday, March 11, 2024, Cross River's counsel verbally indicated they were still working on getting dates from Mr. Gade and said such dates would be forthcoming on March 12, 2024. On March 12, 2024, instead of providing dates to complete the deposition, Cross River said that Mr. Gade would only be produced on one date for a remote deposition to be held in two separate two-hour sessions and under various terms and conditions. That was never the agreement.

Cross River's objection and effort to impose new conditions is inappropriate. First, the Federal Rules of Civil Procedure clearly provide for the deposition to last for up to 7 hours. Second, the agreement of the parties, as reflected in the submission to the Court, must be honored: Mr. Gade must be required to sit for his deposition. Third, the time to object to Mr. Gade being called as a witness as an "Apex Deposition" was before his deposition was open, not once it is open and counsel for Cross River is not content with how it is going. Fourth, changing the condition for the deposition is wholly inappropriate—Harborview never would have agreed to pause the deposition at 2:00 p.m. if it had known Cross River would not honor its agreement to reproduce Mr. Gade. Fifth, Cross River's statement that Mr. Gade's deposition "is not proportional to the needs of the case" is frankly both inappropriate and false. The responses of Cross River's Chairman of the Board, Founder, and CEO (not to mention Harborview's personal connection to Cross River) are crucial to understanding how Cross River represents itself as a bank, the standard it keeps as a bank, and the top-down understanding of or adherence to its own policies. For example, the "Account Opening Form"—in which Harborview consistently told Cross River it would not conduct foreign business out of Cross River—seems inconsistently used from top to bottom: Mr. Gade represented it is never used in deciding to release wires, the bank's COO and 30(b)(6) representative stated it was rarely used but indicating such a situation existed; and the bank's wire room supervisor stated it was used frequently until the wire room employees got to know the customer. Such inconsistencies explain why Cross River's decision to release the wires (and it is admitted they decided to release the wires) on these four "suspicious wires" (their words) should have been caught if Cross River truly believed "consumer protection is integral to [their] mission." (*Rough Draft of Deposition of Gilles Gade, 9:25*).

Given that Mr. Gade's deposition remains open, Harborview respectfully requests that this Court enter an order requiring Mr. Gade be produced within the next two weeks at his counsel's office in Hackensack, NJ, or at his bank's corporate office if more convenient, for the continuation and

Hon. Edward S. Kiel, U.S.M.J.
March 14, 2024
Page 3

completion of his deposition. Harborview stands ready to meet with Your Honor to discuss this matter should Your Honor so wish.

    We thank the Court for its consideration of this matter.

Respectfully submitted,

*/s/ A. Ross Pearlson*

A. Ross Pearlson

cc:    All counsel of record (via ECF)

**EXHIBIT A**

| | |
|---|---|
| **From:** | Iram Valentin |
| **Sent:** | 3/4/2024 1:18:43 PM |
| **To:** | Mayer Klein |
| **Cc:** | Reid Simpson; Pearlson, A. Ross; Gladis, Brigitte M.; Allison R. Scott; Alethia Perez |
| **Subject:** | Harborview v. Cross River |

You don't often get email from ivalentin@kaufmandolowich.com. Learn why this is important

Mayer,

As you know, my colleague Allison defended the three initial depositions. I defended Gade. Allison has been out of the office since the end of last week, returning tomorrow, at which time I will discuss your email with her and we will get back to you.

With that said, my understanding is that the initial 3 depositions were concluded and not left open, at least not without objection. In addition, we complied with our written discovery requirements long ago. To the extent you did not have available a document previously produced, then that was Plaintiff's choice. If you made additional requests during the deposition, then that does not provide a reason to hold open a deposition.

Having defended Mr. Gade, I have serious concerns regarding the nature of these depositions and how they have been conducted. As we jointly represented to the Court, these depositions were supposed to be "targeted" and related to a very narrow issue. In reality, all of these depositions could have been conducted within a couple of hours, had you used your time judiciously.

The depositions, however, have been far-ranging and extensive. In the deposition of Gade, your examination was redundant and overly combative, resulting in the same question being asked over and over again, since you were not getting the answer you sought. You continuously cut off Mr. Gade while in the middle of a response. That is aside from arguing with the witness, as well as attacking me personally. Discovery and depositions are designed to advance claims with merit, not to engage in fishing expeditions trying to find a basis to maintain a claim.

As I stated, I will discuss with Allison and get back to you. Regarding Mr. Gade, I offered to you the option of completing any examination by video, particularly because of Mr. Gade's busy schedule. You declined. It is unfortunate that you could not complete your examination during the time we had. I am not having Mr. Gade turn his schedule and commitments upside down to subject him to unnecessary and redundant badgering. I am reserving the right to file an application and bring all of these issues to the Court. I am also copying your local counsel, who has oversight of you.

Please provide a proffer as to how much additional time you wish to have with Mr. Gade and what you intend to cover, as it is my belief you covered all relevant areas with Mr. Gade. In addition, I renew the concept of completing any remaining examination by video. Regarding the depositions of Plaintiff and its representatives, we more than accommodated your requested deposition order. However, we intend to proceed with their depositions as scheduled.

Regards,

Iram

**Iram Valentin**
*Partner, Co-Chair of KD's Professional Liability Practice Group*

We have changed our email addresses to **@KaufmanDolowich.com**.
Please update your files with our new contact information. We will continue
to receive emails sent to kdvlaw.com for a period of time.

# KAUFMAN | DOLOWICH

Court Plaza North, 25 Main Street, Suite 500
Hackensack, NJ 07601

Direct: 201-708-8233
Cell: 201-966-0951
Email: IValentin@kaufmandolowich.com

**Mansfield Rule**
Certified 2022-2023 *Powered by DIVERSITY LAB*

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.
Please consider the environment before printing.

**From:** Mayer Klein <mklein@frankelrubin.com>
**Sent:** Friday, March 1, 2024 4:18 PM
**To:** Iram Valentin <IValentin@kaufmandolowich.com>
**Cc:** Allison R. Scott <allison.scott@kaufmandolowich.com>; Reid Simpson <rsimpson@frankelrubin.com>
**Subject:**

[EXTERNAL SENDER]

Hi Iram. Hope you are well.

I am following up on a few matters related to the depositions, namely the scheduling of the open depositions :

Please provide the dates available for the continuation of Mr. Gade's deposition. As discussed, the most convenient option would be immediately prior to the March 13, 2024 deposition.

Further , as you may be aware, there were serious concerns with the completeness of both Ms. Kim's deposition as well as the Cross River deposition (provided by Ms. Nelson). Briefly, Ms. Kim's deposition (and potentially Ms. Guerrero's) were left open subject to withheld documents

discovered during the depositions. Cross River's deposition was left open as the result of Ms. Nelson's lack of preparedness in addition to withheld documents.

We intend to complete these depositions before our witnesses will sit for their depositions even if this means some creativity with scheduling on March 13, 2024 and March 14, 2024. Perhaps March 13 could be converted to the date to finish Cross River's depositions if you believe you can finish your depositions on March 14?

I will follow up with a more formal writing next week. But for now, I wanted to immediately address the issues that are in front of us.

This email should not be taken as a waiver of any argument, right, or remedy available to Harborview with regard to the depositions. Harborview reserves all its rights.

Mayer

Mayer S. Klein, Esq.

EXHIBIT B

| | |
|---|---|
| **From:** | Allison R. Scott |
| **Sent:** | 3/12/2024 3:00:29 PM |
| **To:** | Reid Simpson |
| **Cc:** | Alethia Perez; Iram Valentin; Mayer Klein |
| **Subject:** | RE: Harborview v. Cross River Bank |

> You don't often get email from allison.scott@kaufmandolowich.com. **Learn why this is important**

Counsel,

As you know, we have been trying to nail down available dates to continue Mr. Gade's deposition. Because Mr. Gade is out of state, and often traveling internationally, it has not been possible to find a block of time in the near future to present him in person. The only availability Mr. Gade has is to appear virtually on March 18, during the hours of 11am-1pm and 3pm-5pm. If this works, then we will produce Mr. Gade accordingly. Although we have gone to great lengths to make Mr. Gade available for the continuing of his deposition in person, we have determined that it is not proportional to the needs of the case to continue to try to present Mr. Gade in person, specifically due to the issues we've encountered.

As we previously advised, we have serious concerns about the scope and manner in which the deposition is being conducted. Mr. Gade is the President and CEO of a banking institution. He was noticed as a fact witness. We chose not to object to the deposition as an Apex Deposition because there was one, very limited area of which it could have been said that Mr. Gade had personal knowledge, and that concerned Plaintiff's factual allegations concerning alleged interactions between Mr. Ephraim Kutner and Mr. Gade. From our perspective, you covered this area in depth and Mr. Gade testified at length. The balance of the deposition, however, concerned areas and topics about which Mr. Gade would not have any relevant knowledge. At best, it is an attempt to continue a fishing expedition. Therefore, continuing the deposition is not proportional to the needs of the case. In fact, Cross River produced a corporate representative and other witnesses, who you questioned over full days. It appears that the only purpose of insisting on continuing with Mr. Gade's deposition, in person, is to inconvenience and harass Mr. Gade.

We wish to avoid any unnecessary disputes, however, and will agree to present Mr. Gade virtually, per the above. Please confirm that you agree to proceed as such. Otherwise, we will need to present a joint letter to the Court and ask for a conference.

Regards,

Allison

**Allison R. Scott**
*Attorney at Law*

We have changed our email addresses to **@KaufmanDolowich.com**.
Please update your files with our new contact information. We will continue to receive emails sent to kdvlaw.com for a period of time.

# KAUFMAN DOLOWICH

Court Plaza North, 25 Main Street, Suite 500
Hackensack, NJ 07601

Direct:  201-708-8228
Cell:    201-732-9379
Email:   allison.scott@kaufmandolowich.com

**Mansfield Rule**
Certified 2022-2023  Powered by DIVERSITY LAB

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.
Please consider the environment before printing.

**From:** Reid Simpson <rsimpson@frankelrubin.com>
**Sent:** Tuesday, March 12, 2024 3:05 PM
**To:** Allison R. Scott <allison.scott@kaufmandolowich.com>
**Cc:** Alethia Perez <aperez@kaufmandolowich.com>; Iram Valentin <IValentin@kaufmandolowich.com>; Mayer Klein <mklein@frankelrubin.com>
**Subject:** RE: Harborview v. Cross River Bank

[EXTERNAL SENDER]
Allison-

Mayer and I had expected to hear from you by now with an update. Please advise.

Reid S.

**From:** Iram Valentin <IValentin@kaufmandolowich.com>
**Sent:** Monday, March 11, 2024 4:36 PM
**To:** Reid Simpson <rsimpson@frankelrubin.com>; Mayer Klein <mklein@frankelrubin.com>; Allison R. Scott <allison.scott@kaufmandolowich.com>
**Cc:** Alethia Perez <aperez@kaufmandolowich.com>
**Subject:** Harborview v. Cross River Bank

> You don't often get email from ivalentin@kaufmandolowich.com. Learn why this is important

Reid,

I got your voicemail while I was in a meeting. I know Allison has been feverishly trying to line up dates to propose, so I will let her respond when she has the info.

Regards,
Iram

**Iram Valentin**
*Partner, Co-Chair of KD's Professional Liability Practice Group*

We have changed our email addresses to **@KaufmanDolowich.com**.
Please update your files with our new contact information. We will continue to receive emails sent to kdvlaw.com for a period of time.

# KAUFMAN | DOLOWICH

Court Plaza North, 25 Main Street, Suite 500
Hackensack, NJ 07601

| | |
|---|---|
| Direct: | 201-708-8233 |
| Cell: | 201-966-0951 |
| Email: | IValentin@kaufmandolowich.com |

**Mansfield Rule** Certified 2022-2023 — Powered by DIVERSITY LAB

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.
Please consider the environment before printing.

**From:** Reid Simpson <rsimpson@frankelrubin.com>
**Sent:** Monday, March 11, 2024 5:17 PM
**To:** Mayer Klein <mklein@frankelrubin.com>; Allison R. Scott <allison.scott@kaufmandolowich.com>; Iram Valentin <IValentin@kaufmandolowich.com>
**Cc:** Alethia Perez <aperez@kaufmandolowich.com>
**Subject:** RE:

[EXTERNAL SENDER]
Iram and Allison-

No one from our office has heard from you today. I have been trying to reach you both but obviously to no avail. Mayer asked me to follow up to obtain the update we were expecting today. I am still available now if you would give me a call. Either the number below or on my cell 919-986-1650.

Thanks,
Reid S.



REID S. SIMPSON | **FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C.**
231 S. BEMISTON AVENUE, SUITE 1111| CLAYTON, MISSOURI 63105
O: (314) 725-8000, ext. 107  | F: (314) 726-5837
RSIMPSON@FRANKELRUBIN.COM

[WWW.FRANKELRUBIN.COM](WWW.FRANKELRUBIN.COM)



 

CONFIDENTIALITY NOTICE: This e-mail may contain privileged or confidential information and is intended only for viewing and use by the specific individual to whom it is addressed.  If you have received this e-mail in error or if you are not the intended recipient of this message, you are hereby notified that any unauthorized use, dissemination or copying of this message and its attachments, if any, may cause irreparable harm and is strictly prohibited.  If you receive this e-mail in error, please reply to the undersigned and thereafter delete the message from your system.

NOTE: The Missouri Bar requires all Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers while in transit through the Internet.

**From:** Mayer Klein <mklein@frankelrubin.com>
**Sent:** Friday, March 8, 2024 12:38 PM
**To:** Allison R. Scott <allison.scott@kaufmandolowich.com>; Iram Valentin <IValentin@kaufmandolowich.com>; Reid Simpson <rsimpson@frankelrubin.com>
**Cc:** Alethia Perez <aperez@kaufmandolowich.com>
**Subject:** Re:

OK, I agree to your change

We will talk on Monday.

Mayer

Mayer S. Klein, Esq.

**From:** Allison R. Scott <allison.scott@kaufmandolowich.com>
**Sent:** Friday, March 8, 2024 12:36:25 PM
**To:** Mayer Klein <mklein@frankelrubin.com>; Iram Valentin <IValentin@kaufmandolowich.com>; Reid Simpson <rsimpson@frankelrubin.com>
**Cc:** Alethia Perez <aperez@kaufmandolowich.com>
**Subject:** RE:

> You don't often get email from allison.scott@kaufmandolowich.com. Learn why this is important

Hi Mayer,

We agree with what you have set forth below *except* for the following: "The response to our request will be provided by Monday, March 11." Rather, we agree to meet and confer on Monday regarding your request for the production of documents that Harborview maintains should have been previously produced.

Regards,

Allison

**Allison R. Scott**
*Attorney at Law*

We have changed our email addresses to **@KaufmanDolowich.com**. Please update your files with our new contact information. We will continue to receive emails sent to kdvlaw.com for a period of time.

**KAUFMAN | DOLOWICH**

Court Plaza North, 25 Main Street, Suite 500
Hackensack, NJ 07601

Direct:  201-708-8228
Cell:    201-732-9379
Email:   allison.scott@kaufmandolowich.com

Mansfield Rule Certified 2022-2023

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.

Please consider the environment before printing.

**From:** Mayer Klein <mklein@frankelrubin.com>
**Sent:** Friday, March 8, 2024 1:27 PM
**To:** Allison R. Scott <allison.scott@kaufmandolowich.com>; Iram Valentin <IValentin@kaufmandolowich.com>; Reid Simpson <rsimpson@frankelrubin.com>
**Subject:**

[EXTERNAL SENDER]
This is our agreement. We will finish the deposition of Gade, no more than four more hours. Your intent is to provide me with dates by Monday, March 11. Our goal is to speak on Monday and to lockdown a time for the conclusion of Gade's deposition.

Harborview depositions are continued from next week .They will be rescheduled, via agreement, at the same time that we finalize the scheduling of Gade's deposition

We will jointly advise the court of the progress that we are making and jointly request an extension relative to completing the depositions.

You will review my request for the production of certain that Harborview maintains should have been previously produced. The response to our request will be provided by Monday, March 11.

Please confirm your agreement with that which is set for above.

Thank you.

Mayer


Mayer S. Klein, Esq.